Opinion issued November18, 2004







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00710-CV
____________

MARCO DIGGES, MICHAEL PONZICA, WILLIAM TODD ROGERS,
AND DONALD ERIC WILLIAMS, Appellants

V.

KNOWLEDGE ALLIANCE, INC., ANDREW DWEYER, INDIVIDUALLY;
DORT CAMERON, INDIVIDUALLY; AND URSULA MENTJES,
INDIVIDUALLY, AND JOINTLY AND SEVERALLY, Appellees




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2002-04345




OPINION ON REHEARING
          Appellants have filed an “Amended Motion to Vacate Order,” which we treat
as a motion for rehearing. We deny the motion, but withdraw our August 26, 2004
opinion and judgment and substitute the following opinion and a new judgment in
their places.
          This appeal arises from the trial court’s granting of defendants’/appellees’
special appearance. An order granting a special appearance is an interlocutory,
appealable order. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (Vernon Supp.
2004-2005). Such appeals are accelerated. See Tex. R. App. P. 28.1. A notice of
appeal in an accelerated appeal must be filed within 20 days after the interlocutory
order is signed. Tex. R. App. P. 26.1(b). Here the trial court signed the interlocutory
order granting the special appearance on March 24, 2004. Thus, the notice of appeal
would have been due to be filed by April 13, 2004, but instead it was filed on June
21, 2004 (69 days past the filing deadline). Appellate courts can extend the time for
filing the notice of appeal if, within 15 days of the deadline, the appellants file a
notice of appeal and a motion to extend time to file the notice of appeal complying
with Texas Rule of Appellate Procedure 10.5(b). Tex. R. App. P. 26.3 Here, no such
motion was filed.
          Appellants filed a motion for new trial on April 19, 2004. This did not operate
to extend the time for filing their notice of appeal, however, because filing a motion
for new trial does not extend the time to perfect an accelerated appeal from an
interlocutory order. Tex. R. App. P. 28.1.
          In their notice of appeal, appellants assert they are filing an accelerated
interlocutory appeal to challenge the trial court’s denial of their “Motion to
Reconsider Order Granting Defendant’s Motion to Reconsider Denial of Special
Appearance,” filed on May 18, 2004. Such motions, however, are not independently
appealable. See Tex. Civ. Prac. & Rem. Code Ann. § 51.04(a)(7) (Vernon 2004)
(including only orders granting or denying special appearances as appealable
interlocutory orders).
          We dismiss appellants’ appeal for want of jurisdiction.
PER CURIAM
Panel consists of Justices Taft, Keyes, and Bland.